IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Vincent Lewis, | ) | Civil Action No.: 1:04-21959-27 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bridgestone/Firestone North | ) | |
| American Tire, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed a Motion to Amend Complaint on February 3, 2005. Plaintiff's Motion to Amend Complaint sought to add a cause of action to his original Complaint based on wrongful termination. Defendant objected to the Motion on the ground that under the Federal Arbitration Act ("FAA") the dispute was subject to arbitration pursuant to a valid arbitration agreement entered into between Plaintiff and Defendant. Defendant further objected to the Motion on the ground that Plaintiff's wrongful termination claim was preempted by § 510 of the Employment Retirement Income Security Act ("ERISA"). A hearing was held on the Motion on April 19, 2005, in Aiken, South Carolina.

After considering the parties' respective positions, the Court hereby orders that Plaintiff's Motion to Amend Complaint is granted. However, the Court finds that the parties entered into a valid arbitration agreement, which requires the parties follow the Bridgestone/Firestone Employee Dispute Resolution Plan ("EDR Plan"). Therefore, pursuant to § 3 of the FAA, further proceedings on Plaintiff's Second Cause of Action for wrongful termination are stayed and the parties are ordered to litigate this issue pursuant to the EDR Plan. Under the EDR Plan, the parties will submit this dispute

to mediation and, if not resolved at mediation, binding arbitration according to the procedures established in the EDR Plan.

The Court further orders the parties to mediate this dispute pursuant to the mediation procedures provided in the EDR Plan within sixty (60) days of this Order. For the purpose of judicial economy, the Court also orders the parties to mediate Plaintiff's ERISA claim for short term disability benefits, which is currently pending before this Court, during the same mediation proceedings involving the wrongful termination claim.

The Court also finds that Plaintiff's Second Cause of Action for wrongful termination is preempted by ERISA. Based on the Plaintiff's proposed Second Amended Complaint and the argument of Plaintiff's counsel at the hearing, Plaintiff alleges that he was terminated for exercising his right under ERISA to file an ERISA lawsuit for short term disability benefits. Section 510 of ERISA specifically prohibits any person from discriminating against any individual for exercising any right provided by ERISA. Therefore, ERISA preempts Plaintiff's wrongful termination claim. *See e.g., Felton v. Unisource Corp.*, 430 F.2d 503 (9th Cir. 1991) (holding that the plaintiff's wrongful termination claim was preempted by ERISA). Accordingly, the parties shall regard this claim as a § 510 ERISA action as it proceeds through mediation and arbitration.

For the foregoing reasons, Plaintiff's Motion to Amend Complaint is **GRANTED** and further proceedings involving the wrongful termination claim are **STAYED** pending final and binding arbitration.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
The Honorable R. Bryan Harwell
United States District Court Judge

May 2, 2005
Florence, South Carolina